UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: _____-cv-_____

DANOUTA SHELIGA-TOPCHIAN,
ADMINISTRATOR OF THE ESTATE OF
VITALIY ZAYTSEV,

     Plaintiff,

v.

CVS HEALTH CORPORATION and
THE VANGUARD GROUP, INC.,

     Defendant.

_____/

## COMPLAINT

Plaintiff, Danouta Sheliga-Topchian ("Danouta"), Administrator of the Estate of Vitaliy A. Zaytsev, through undersigned counsel, for her Complaint against Defendants, CVS Health Corporation ("CVS") and The Vanguard Group, Inc. ("Vanguard"), alleges as follows:

## PARTIES

1. Danouta is a citizen of Florida within the meaning and intent of 28 U.S.C. § 1332.

2. CVS is a corporation organized under the laws of Delaware with its principal place of business in Rhode Island.  CVS is a citizen of Delaware and Rhode Island within the meaning and intent of 28 U.S.C. § 1332.

3. Vanguard is a corporation organized under the laws of Pennsylvania with its principal place of business in Pennsylvania.  Vanguard is a citizen of Pennsylvania within the meaning and intent of 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

4.     This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. This Court has subject-matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. Under 29 U.S.C. § 1132(f), the Court has jurisdiction without regard to the amount in controversy or the citizenship of the parties. Plaintiff brings this action to clarify and enforce rights to benefits under the terms of an ERISA-governed plan.

5.     Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) because the breach took place in this District.  Plaintiff resides in this judicial district, made demand while residing in this judicial district, and the benefits would be paid in this judicial district. In addition, one or more Defendants reside or may be found in this District because CVS Pharmacy operates multiple locations in this judicial district.

## FACTUAL ALLEGATIONS

6.     Vitaliy A. Zaytsev (the "Decedent") was an employee of CVS and a participant in an ERISA-governed 401(k), 401(m), 4975(e)(7), and ERISA Section 404(c) plan known as the CVS Health Future Fund 401(k) Plan (the "Plan") sponsored by CVS.

7.     The Plan was administered by CVS's Administrative Subcommittee of the Benefit Plans Committee of CVS Health Corporation and serviced by Vanguard.

8.     The Decedent was murdered on May 3, 2024.

9.     By reason of the Decedent's death, the retirement benefits payable under the Plan are now due and owing.

10.     The Plan establishes a right of a participant to name the beneficiary who will be paid the retirement benefits in the event of the Decedent's death.

11.     On information and belief, Jeannette Lucille Nunes ("Nunes") was listed as the sole

primary beneficiary of the retirement benefits due under the Plan.

12.     However, Nunes, along with her son, Michael Espinosa, actively planned and participated in the murder of the Decedent in order to collect the retirement benefits and other life insurance.  They have been arrested, charged and convicted of murdering the Decedent.

13.     Because of her participation in the murder of the Decedent, Nunes is disqualified from receiving the retirement benefits pursuant to the Plan, as well as state and federal law.

14.     If the designated beneficiary or beneficiaries are disqualified, then the Plan provides that the retirement benefits shall be paid to the Decedent's estate or parents as the sole heirs of the estate.

15.     Beginning in August 2024 and continuing through July 2026, Plaintiff, individually and through counsel, made multiple written demands to Vanguard and CVS for claim forms, Plan Documents, account information, beneficiary designations, and payment of the benefits. Plaintiff expressly requested claim forms so that a formal claim could be submitted under the Plan's claims procedures and stated that the correspondence itself should be treated as the Estate's claim to all amounts payable following the Decedent's death. Defendants never provided claim forms, never processed any claim under the Plan's administrative procedures, never issued a formal denial complying with 29 C.F.R. § 2560.503-1, and instead sent a termination notice addressed to the deceased participant. Further pursuit of administrative remedies would be futile and would deny Plaintiff meaningful access to the Plan's claims procedures.

16.     Following the criminal conviction of Nunes, Danouta made demand for payment for the retirement benefits to Vanguard, the Plan's servicer, and CVS, the Plan Administrator, but they have both refused to pay those benefits to her.

## CAUSE OF ACTION

### Declaratory Judgment

17.     A dispute has arisen concerning whether or not Danouta is entitled to the Decedent's retirement benefits payable under the Plan as a matter of law.

18.     Danouta seeks a declaratory judgment resolving the question of whether she is entitled to the retirement benefits.

19.     Due to Vanguard's and CVS's refusal to respond to Danouta's inquiries, or to take any action in furtherance of attempting to resolve this dispute, Danouta has no other choice than to bring this action and seek court intervention.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Danouta Sheliga-Topchian, Administrator of the Estate of Vitaliy A. Zaytsev, prays for judgment in her favor, costs, interest, attorney's fees to the extent authorized, and any other relief deemed just and proper.

Date:  July 30, 2026.                    Respectfully submitted,


/s/ Joel Ewusiak
Joel Ewusiak
Ewusiak Law, P.A.
Fla. Bar No.:  0509361
12191 W. Linebaugh Ave., #708
Tampa, FL 33626
P:  727.286.3559
F:  727.286.3219
E:  joel@ewusiaklaw.com

*Local Counsel for Plaintiff, Danouta Sheliga-Topchian, Representative of the Estate of Vitaliy Zaytsev*

William J. Perry
*(Pro Hac Vice Application Forthcoming)*
LA Bar No. 19100

Interpleader Law, LLC
9015 Bluebonnet Blvd.
Baton Rouge, LA 70810
Telephone: (225) 246-8706
Email: william.perry@interpleaderlaw.com

*Trial Counsel for Plaintiff, Danouta Sheliga-Topchian, Representative of the Estate of Vitaliy Zaytsev*